Thomson, J.,
delivered the opinion of the court.
On the 21st day of June, 1892, a locomotive engine of the railroad company, defendant, while being driven and propelled along its right of way within the corporate limits of the city of Denver, struck and killed a mule belonging to the plaintiff, which had strayed upon its track. This action was commenced on the 4th day of May, 1893.
The evidence of negligence on the part of the defendant is unsatisfactory and doubtful, but the instructions given render an inquiry into its sufficiency unnecessary. The court gave the following among other instructions to the jury:
“ This is an action brought for the killing of stock. The law of this state is in the following words: ‘ The killing or injury of any animals by a railway company or corporation shall be prima fade evidence of the negligence of said railway company or corporation, and every railway company or *247 corporation in this state, and every assignee or lessee thereof, shall be liable to pay to the owner the schedule value of all schedule stock killed, and the full value of each and every animal killed not scheduled, and all damages to each and every animal damaged by the engine or cars of such railway company, or corporation in this state, and every assignee and lessee thereof, unless the railway company or corporation, or assignee or lessee thereof, shall by competent evidence affirmatively show that such killing and wounding was not caused by the negligence of such railway company or corporation or the assignee or lessee thereof.’ The negligence of a railway company is presumed, or, in other words, the killing of the animal is prima facie evidence of negligence. It is necessary to show on its part the use of such ordinary skill and care in the operating.of its road as would be employed by ordinarily careful and prudent men in the conduct of their own private business affairs.”
The jury returned a verdict for the plaintiff, upon which judgment was entered. The law quoted is section 2 of an act of the legislature, approved April 8, 1893 (Session Laws 1893, p. 406). The act did not go into effect, and therefore was not the law, until July 7,1893, ninety days after its passage. The animal was killed before the passage of the act, and the suit commenced before it went into effect. The action was therefore not brought under this act, and there being no other statute in force which applied to it, the rights of the parties were governed by the rules of the common law. These cast upon the plaintiff the burden of proving that the killing of the animal was in consequence of the defendant’s negligence, and, if there was any proof in that direction, the jury should have been so instructed. The instruction quoted reversed the rule applicable to the case, and was erroneous.The judgment will be reversed.

Reversed.